ELLIS W. CLEMENTS *et al.*, plaintiffs in error, *vs.* EMANUEL LYON, for use, etc., defendant in error.

When a purchaser of land at a sheriff's sale failed to take a deed from the sheriff, and twelve years thereafter he applied to the judge of the superior court for an order directing the then sheriff to make the deed :

*Held*, that the defendant in execution, or his heirs-at-law, might tender an issue as to the legality and fairness of the sale, and it was error in the court to refuse to permit such an issue.

Judicial sale. Sheriff. Deed. Practice in the Superior Court. Before Judge McCUTCHEN. Polk Superior Court. October Adjourned Term, 1873.

On the first Tuesday in April, 1861, a lot in Cedartown was sold under an execution in favor of Emanuel Lyon, as administrator of A. G. Love, deceased, against Brooks M. Willingham, and is claimed to have been bid off by Frank Lyon, who transferred his bid to Emanuel Lyon, his father. No deed was made by the sheriff, though the purchase money was then paid. At the October adjourned term, 1873, of Polk superior court, Emanuel Lyon, for the use of J. S. Moyes, who held under him, petitioned the court for a rule requiring Ellis W. Clements, the then sheriff of said county,

Clements *et al. vs.* Lyon.

to show cause why he should not convey said lot to petitioner, by deed, in accordance with said sale. In response to this rule, the sheriff set up that he had been notified by the heirs of Brooks M. Willingham, the defendant in execution, not to execute such deed on account of the illegality of said sale, in this, that the lot was sold by the petitioner, the then deputy sheriff of said county, and bid in by himself.

The sheriff and said heirs proposed to prove the aforesaid facts, and others, showing the invalidity of said sale. The court refused to allow said heirs to defend the proceeding on said rule, excluded the aforesaid testimony, and passed an order requiring the sheriff to execute a deed to said lot, as prayed for. To which the sheriff and said heirs excepted.

E. N. BROYLES; THOMSON & TURNER, for plaintiffs in error.

WRIGHT & FEATHERSTON; J. A. BLANCE, for defendant.

McCAY, Judge.

We think the court should have heard the application of the heirs of the defendant in *fi. fa.* to be permitted to come in and show, if they could, that the sale in 1861 was fraudulent or illegal. True, the sheriff was the party the rule called upon, but the applicants were the real parties at interest, and under our broad system of pleading at law it would be an anomaly to stick so close in the bark as to rule out the real parties at interest, on the ground that the sheriff is the party called on. Nothing is more common in proceedings against the sheriff than side issues of this character. The court could have required a regular issue to be made up and tried before a jury, and the rights of the parties settled without further complication. In Wade *vs.* Simeon, 13 M. & W., 649, Pollock, C. B., says: " We think there can be no doubt that in any stage of the proceedings, as long as there remains any necessity for an appeal to the authority of the court, or any occasion to call on the court to exercise its jurisdiction, it has

an undoubted right to interfere; and it is its duty to do so if it perceives that its process or jurisdiction is about to be used for purposes 'inconsistent with justice." And at this term, where the plaintiff in a *judgment* had taken it wrongly and moved to amend it, we held that the defendant might plead a defense, newly discovered, to the merits of the action. So, too, in *Bass vs. Irvin*, at the last term, we held that on a motion to put a verdict *nunc pro tunc* on the minutes the defendant might show that the verdict was rendered on Sunday, and was therefore illegal. In this case the defendant in execution proposes to show that there was never any legal sale of this property. If this be so in fact, it is not fair to him that his right shall be further complicated by the act of the court. For these reasons we think the defendant in *fi. fa.* or his heirs should have been allowed to come in and show the truth of the case, and if the sale was void no deed ought to be made.

Judgment reversed.